IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH URSO, ) | |
| ID # 34874-177, ) | |
|    Petitioner, ) | |
| vs. ) | No. 3:07-CV-1075-B (BH) |
| ) | ECF |
| DAVID BERKEBILE, ) | Referred to U.S. Magistrate Judge |
|    Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241. David Berkebile, Warden of FCI Seagoville, is the proper respondent.

Petitioner contends that the Bureau of Prisons (BOP) has categorically denied him placement in home confinement or a halfway house or Community Correction Center (CCC),[1] and he specifically challenges the BOP policies concerning such placement. (*See generally* Pet.; 28 C.F.R. §§ 570.20, 570.21 and BOP Policy Statements 7320.01 and 7310.04.) Petitioner asserts that he has exhausted all <u>available</u> administrative remedies because the response he received to the first formal step of the prison grievance process "was completely NON-RESPONSIVE to the particular issue

---

[1] As of March 31, 2006, the BOP refers to halfway houses which were formerly titled "Community Corrections Centers" as "Residential Reentry Centers" (RRCs). Because much of the authority cited herein refers to halfway houses or CCCs, these terms will be used interchangeably with RRCs.

raised" and thus rendered "all administrative remedies to be 'unavailable'." (*Id.* at 15-16.) He also argues that respondent should be equitably estopped from asserting the affirmative defense of failure to exhaust. (*Id.* at 19-20.)

In his Answer, respondent argues that (1) § 2241 is an inappropriate statutory basis for petitioner's challenges; (2) petitioner has not exhausted his administrative remedies; and (3) the petition fails on its merits. (*See generally* Answer.) With respect to the exhaustion issue, he provides an affidavit from Program Coordinator Tanya Blakely dated August 15, 2007, averring that petitioner has not completed the final administrative level of review because his Central Office Administrative Appeal regarding issues raised in this case was returned as procedurally defective, and he has not submitted a corrected appeal. (Aff. Blakely, attached as Ex. A to Answer.)

In reply, petitioner maintains that § 2241 is the proper basis for this action and that he is entitled to relief on his claims, but he does not address the exhaustion issue. (*See generally* Reply.)

## II. NATURE OF ACTION

Respondent first argues that § 2241 provides no jurisdictional basis for this action because petitioner is challenging where he should serve his sentence, not the fact or duration of his custody.

This Court specifically rejected respondent's position in *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *3-4 (N.D. Tex. March 28, 2007) (findings, conclusions, and recommendation accepted by District Court). Although the Fifth Circuit has not addressed this issue, *Mihailovich* noted that other circuits which had considered the issue (as well as a court in this district) have found that § 2241 provides a proper vehicle for considering where a federal sentence should be served. 2007 WL 942091, at *3 (citations omitted). More specifically, the Third Circuit found in *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 242-44 (3d Cir.2005), that a challenge

2

to BOP regulations governing placement in a CCC is a proper challenge to the execution of the inmate's sentence and is therefore properly brought pursuant to § 2241. *Id.* "[A]s noted in *Woodall,* confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC". *Id.* at *4. Moreover, federal prisoners have no avenue of relief other than § 2241. *Id.* For these reasons, this Court found § 2241 to be the proper jurisdictional basis for challenging a denial of placement in a halfway house or home confinement. *Id.*

Respondent provides no reason to diverge from this Court's previous finding in *Mihailovich*.[2] Consequently, petitioner has properly invoked § 2241 as a basis for this action.

### III. EXHAUSTION

Respondent argues that petitioner has failed to exhaust his administrative remedies, relying on the Blakely affidavit to show that petitioner's Central Office Administrative Appeal (also known as a BP-11) was returned to petitioner as procedurally defective and petitioner has not submitted a corrected BP-11. (Answer at 16-17; Aff. Blakely.) Petitioner does not contest the averments by Blakely, (*see generally* Reply), but contends that respondent's actions rendered administrative remedies unavailable and that equitable estoppel should prevent respondent from asserting the affirmative defense of failure to exhaust, (*see* Pet. at 15-20).

---

[2] It is worth noting that in *Briggs v. Van Buren*, No. 4:06-CV-0800-Y (N.D. Tex.) – a case in which the petitioner raised similar issues as raised in this case – the respondent conceded in her response to the petition that § 2241 provides the proper jurisdictional basis.

3

A. <u>Requirement of Exhaustion</u>

It is well-established that petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision); *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *5-7 (N.D. Tex. March 28, 2007) (recommendation accepted by District Court which addressed exhaustion in context of § 2241 action seeking release to a halfway house for last six months of federal sentence). Exhaustion under § 2241 requires that the petitioner "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing § 2241 filed by a state pre-trial detainee).

"Application of the [exhaustion] doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." *McKart v. United States*, 395 U.S. 185, 193 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *accord Willard v. Van Buren*, No. 4:04-CV-287-A, 2004 WL 994069, at *1 (N.D. Tex. Apr. 30, 2004) ("The purpose of the exhaustion requirement is to permit the federal agency being challenged to correct its own error without court intervention."). Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (civil action under 42 U.S.C. § 1983).

The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 U.S.C. §§ 542.10-542.19. *Mihailovich*, 2007 WL 942091, at *6-7. BOP Program Statement (PS) 1330.13, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105 at *2 (N.D. Tex. Feb. 26, 2004). Pursuant to this procedure inmates may "seek formal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. The administrative process involves an informal step as well as three formal steps which respectively require the filing of a BP-9, BP-10, or BP-11 form. *Id.* §§ 542.13, 542.14, 542.15, 542.18. The filing of a BP-11 appeal "is the final administrative appeal." *Id.* § 542.15(a). Upon completing this multiple-tiered review process, federal inmates have exhausted their administrative remedies required for filing a § 2241 petition.

In this instance, neither party disputes that petitioner has failed to complete the administrative review process, and that petitioner's BP-11 appeal was returned to him as procedurally defective. Inmates do not fairly present their claims through appropriate channels when they submit a procedurally defective appeal. By failing to submit a corrected version of his BP-11, petitioner voluntarily halted the administrative process prematurely and thus has not exhausted his administrative remedies.

**B. Exceptions**

Petitioner argues that the "non-responsive" response to his initial BP-9 rendered administrative review unavailable and that respondent should be equitably estopped from asserting his failure to exhaust.

"Although prisoners generally must exhaust their administrative remedies prior to filing a § 2241 action, exhaustion of such remedies is not a jurisdictional requirement." *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *6 (N.D. Tex. March 28, 2007) (recommendation accepted by District Court). Non-jurisdictional exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling." *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001). Furthermore, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action", petitioners need not exhaust administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (citation omitted).[3] Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, such inmate may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See id.*

**1.** *Unavailability*

In his BP-9, petitioner requested immediate review for placement into home confinement or a halfway house without regard to the length of his sentence. (*See* Request for Admin. Remedy, attached to Pet.) In his response to the BP-9, respondent informed petitioner that with respect to

---

[3] Although the Fifth Circuit has not defined the terms "available" and "exhaust" in the context of § 2241, it has utilized the following definitions in the context of 42 U.S.C. § 1997e(a), which has similar requirements for exhaustion:
> Webster's New International Dictionary defines "available" as "capable of availing; having sufficient power or force to achieve an end," "such as may be availed of: capable of use for the accomplishment of a purpose: immediately utilizable," and "that is accessible or may be obtained: personally obtainable." "Exhaust" is defined as "to take complete advantage of (legal remedies)."

*Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) *abrogated in part by Jones v. Bock*, 127 S. Ct. 910 (2007) (abrogating the holding in *Underwood* that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust).

his request for RRC, he was not currently eligible for such placement based upon his estimated scheduled release date, and that the prison typically formulates a final and specific release preparation plan eleven to thirteen months prior to a projected release date. (*See* Response to Request for Admin. Remedy, attached to Pet.) With respect to petitioner's request for home confinement, respondent informed petitioner that under Program Statement 7320.01, "only the Community Corrections Manager (CCM) may approve home confinement", and that petitioner was "not a candidate for home confinement at this time." (*Id.*)

Petitioner confuses dissatisfaction with the response given with unavailability. Administrative remedies are not rendered unavailable, however, merely because the inmate disagrees with the response or views the response as non-responsive. Furthermore, because petitioner did not complete the process by submitting a procedurally correct BP-11 appeal, he has not taken complete advantage of the legal remedies available to him at FCI Seagoville.

Petitioner has not carried his burden to show that administrative remedies were rendered unavailable due to any action by respondent. He has shown no extraordinary circumstances which warrant application of such exception to the exhaustion requirement.

2. *Estoppel*

Petitioner also argues that equitable estoppel should apply to prevent respondent from asserting his failure to exhaust as a defense. He contends that respondent misrepresented that access to the administrative process would be available and that issues raised through such process would be considered in good faith. He claims to have suffered a detriment due to the misrepresentations.

7

"Courts have applied estoppel to the federal government only in the narrowest of circumstances." *Linkous v. United States*, 142 F.3d 271, 277 (5th Cir. 1998). To the extent that petitioner may rely on an equitable estoppel claim against the government, he

> must prove affirmative misconduct by the government in addition to the four traditional elements of the doctrine . . . (1) that the party to be estopped was aware of the facts, and (2) intended his act or omission to be acted upon; [and] (3) that the party asserting estoppel did not have knowledge of the facts, and (4) reasonably relied on the conduct of the other to his substantial injury.

*Id.* at 277-78. For purposes of equitable estoppel, "'[a]ffirmative misconduct' requires an affirmative misrepresentation or affirmative concealment of a material fact by the government." *Id.* at 278.

The facts presented by this case do not warrant application of estoppel against the government. As found in the preceding section, petitioner has not shown that his administrative remedies were rendered unavailable. He has shown no substantial injury from the conduct of respondent. Although petitioner disagrees with the response to his BP-9, the administrative process contemplates such disagreement and provides for two subsequent levels of appeal at the administrative level. The doctrine of equitable estoppel does not prevent respondent from relying on the exhaustion defense.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** the instant action without prejudice for petitioner's failure to exhaust available administrative remedies.

**SIGNED this 11th day of October, 2007.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE